IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK TEXAS, N.A. | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| SWANBERG FARMS, A Partnership, | § | |
| DERRICK R. SWANBERG, | § | |
| HOLLIS C. SWANBERG, | § | |
| SHERI MARIE SWANBERG, | § | C.A.B.-04-083 |
| ALAZAN GIN CO., | § | |
| JOHNSTON COTTON CO., INC. | § | |
| T.J. BEALL COMPANY, | § | |
| HOHENBERG BROS. COMPANY AND | § | |
| LISA J. NICHOLS, AS TRUSTEE FOR | § | |
| THE BANKRUPTCY ESTATE OF | § | |
| GEO. D. BENNETT & CO., INC. | § | |

United States District Court
Southern District of Texas
FILED

MAY 2 6 2004

Michael N. Milby
Clerk of Court

**PLAINTIFF'S OBJECTION TO ALAZAN GIN CO.'S PRETRIAL STATEMENT
AND REQUEST FOR SANCTIONS**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, WELLS FARGO BANK TEXAS, N.A., Plaintiff in the above styled and numbered cause and files this Objection to the Pretrial Statement filed by Defendant Alazan and Request for Sanctions, and in support thereof would show the Court as follows:

1. On or about April 15, 2004, Defendant Alazan filed a Pretrial Statement with the Bankruptcy Court in Adversary Proceeding No. 02-07012.

2. The Pretrial Statement provided a list of witnesses, including experts, to be called at trial by Defendant Alazan.

3. Defendant Alazan's witness list named Jerry Stapleton as an expert on attorney's fees. Plaintiff objects to Mr. Stapleton being called as a witness because

1

Defendant Alazan failed to disclose this expert witness as required by the Federal and State Rules of Civil Procedure. See Fed. R. Civ. Proc. 26 (a) and Patterson v. State Auto. Mut. Ins. Co., 105 F.3d 1251, 1252 (8th Cir. 1997) (holding that a party cannot use any witness or evidence not disclosed, unless the failure is harmless.) See also Campos v. State Farm Gen. Ins. Co., 943 S.W.2d 52, 54-55 (Tex.App.– San Antonio 1997, writ denied) (holding that a lawyer that was not listed could not testify about attorney fees.) Thus, Mr. Stapleton should not be allowed to testify regarding attorneys fees.

4.  Defendant Alazan also attempts to offer the deposition testimony of Peggy Boone, Gary Lemoine, and Chuck Crowley taken in a different case proceeding. Plaintiff objects to their testimony because it was not present or represented at the deposition. According to Federal Rule of Civil Procedure 32(a), deposition testimony can be offered at trial against any party who was present or represented at the taking of the deposition or had reasonable notice. Further, the party seeking to use the deposition at trial bears the burden of showing these requirements were met. See Allgeier v. U.S., 909 F.2d 869, 876 (6th Cir. 1990) and Jauch v. Corley, 830 F.2d 47, 50 (5th Cir. 1987). Plaintiff was not present or represented at the deposition of any of the above named individuals. Therefore, Defendant Alazan should not be allowed to offer their testimony in trial.

5.  Moreover, Defendant Alazan misrepresented to the Court that the allegations contained in its Pretrial Statement Section IV. B. pages 18-27 were undisputed. These facts Defendant Alazan claims are undisputed are the same as those it included in its Motion for Summary Judgment. Plaintiff objects to this section because it has and will continue to dispute those facts. Plaintiff, in its Response to Defendant Alazan's Motion for

2

Summary Judgment, disputed the facts. Plaintiff also offered evidence to support its dispute of those facts. Therefore, Plaintiff requests that section of Defendant Alazan's Pretrial Statement be stricken.

## RELIEF REQUESTED

6. Plaintiff requests that Defendant Alazan be prevented from calling Jerry Stapleton to testify as an expert on attorney's fees.

7. Plaintiff also requests that Defendant Alazan be prevented from offering deposition testimony of Peggy Boone, Gary Lemoine, and Chuck Crowley during trial.

8. Plaintiff requests that Section IV. B. pages 18-27 of Defendant Alazan's Pretrial Statement be stricken.

WHEREFORE PREMISES CONSIDERED, Wells Fargo Bank Texas, N.A., Plaintiff prays that this Court grant the relief requested and grant such other and further relief to which it may be justly entitled.

Respectfully submitted,

**RANSOME & RAY, P.C.**
550 E. Levee Street
Brownsville, Texas 78520
Telephone: (956) 542-3642
Fax: (956) 542-3698

By: _____
Marshall R. Ray
State Bar No. 16606100
Fed Id. 2265
Elizabeth Guerrero Christ
State Bar No. 24032376
Fed Id. 31185
**ATTORNEYS FOR PLAINTIFF,**
**WELLS FARGO BANK TEXAS, N.A.**

## CERTIFICATE OF CONFERENCE

On May 26, 2004, counsel for the Plaintiff conferred with counsel for Defendant Alazan by telephone, who is opposed to the relief requested.

_____
Elizabeth Guerrero Christ

**CERTIFICATE OF SERVICE**

    I, Elizabeth Guerrero Christ, hereby certify that on May 26, 2004, a true and correct copy of the foregoing *Plaintiff's Objection to Defendant Alazan's Joint Pretrial Statement* was sent by regular mail to the following:

| | |
|---|---|
| Rex Leach<br>ATLAS & HALL, L.L.P.<br>P.O. Box 3725<br>McAllen, Texas 78502 | Via CM/RRR#70022030000033455293 |
| Harlin Womble<br>Jordan, Hyden, Womble & Culbreth<br>500 North Shoreline Blvd., Suite 900<br>Corpus Christi, Texas 78471 | Via CM/RRR#70022030000033455930 |
| Jerry Stapleton<br>Stapleton, Curtis & Boswell<br>P.O. Box 2644<br>Harlingen, Texas 78502 | Via CM/RRR#70022030000033455930 |
| Lisa J. Nichols, Trustee<br>10637 Leopard Street<br>Corpus Christi, Texas 78410 | Via Regular Mail |
| John Kurt Stephen<br>Cardenas, Whitis, & Stephen<br>100 S. Bicentennial Blvd.<br>McAllen, Texas 78501 | Via Regular Mail |
| Brendan Hall<br>P.O. Box 2725<br>Harlingen, Texas 78551 | Via Regular Mail |

Elizabeth Guerrero Christ

5