United States District Court
Southern District of Texas
FILED

MAY 28 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SWANBERG FARMS | § | C.A. B-04-083 |
| | § | |
| VS. | § | (Adversary |
| | § | No. 02-07012) |
| CHUCK CROWLEY, d/b/a | § | |
| GEORGE D. BENNETT & CO., INC. | § | A JURY IS DEMANDED |

**ALAZAN GIN COMPANY'S OBJECTION TO THE PRE-TRIAL STATEMENT
FILED BY WELLS FARGO BANK TEXAS, N.A. AND
SWANBERG FARMS, A PARTNERSHIP, *et. al.*
AND
<u>ALAZAN GIN'S MOTIONS IN LIMINE</u>**

TO THE UNITED STATES DISTRICT JUDGE:

ALAZAN GIN COMPANY, a Defendant in the above referenced proceeding (herein "Alazan"), files this Objection to the Pre-Trial Statement filed by Wells Fargo Bank Texas, N.A. ("Wells Fargo") and Swanberg Farms, A Partnership, Derrick R. Swanberg, Hollis C. Swanberg, and Sheri Marie Swanberg ("Swanbergs") (Wells Fargo and Swanbergs collectively "Plaintiffs"), and Alazan's Motion in Limine, as follows:

**I.
PRELIMINARY STATEMENT**

1. The parties were required to file a joint pre-trial statement.

2. The Plaintiffs, after circulating a proposed joint pre-trial statement, failed to include Alazan's portions, and filed their own statement without including Alazan Gin's position statements.

3. Alazan filed its separate pre-trial statement in particular to include the matters which it believes are undisputed facts as a matter of law.

4.       Accordingly, Alazan files these objections to the joint pre-trial statements filed by Wells Fargo Bank and Swanbergs (Plaintiffs) and Alazan's Motion in Limine, as follows:

## II.
## MOTION IN LIMINIE

A.       **Alazan's Objection to Trial of Any Issue By Implied Consent.**

5.       Alazan objects to trial of any issue by implied consent. Alazan seeks an order of this Court in Limine preventing Wells Fargo or the Swanbergs from eliciting any evidence on issues not plead, without first approaching the bench and obtaining a ruling from the court outside of the presence and outside the hearing of all prospective jurors and jurors ultimately selected in this cause in regard to any alleged theory of admissibility of such matters, including, but not limited to:

a.       Any claim of Selling Agent, or Selling Agency of Alazan (as raised only by Wells Fargo) as set out in the Plaintiffs' Pre-Trial Statement but not in any previous or live pleading.

b.       Any claim that the relationship between Alazan and the Swanbergs was that of "agency."

b.       Calling any witness not timely designated and described as required by the local rules of this Court and the order of this Court dated May 10, 2004.

c.       Offering or referring to any exhibit not included in the Plaintiffs Exhibits 1 through 16 furnished by Wells Fargo or Swanbergs to Alazan on May 26, 2004, in presenting Plaintiffs' case.

d.       Disputing any facts specifically set out in Alazan's Second Motion for Summary Judgment and which was supported by direct citation to admissible trial

evidence, and which were not specifically disputed by any of Plaintiffs' pleading filed in response thereto by counter-offer of admissible evidence disputing the fact.

6. With respect to Wells Fargo, Alazan objects to any evidence that Wells Fargo has suffered any damage as a result of the conduct of Alazan, inasmuch as such proposed testimony is speculative and cannot meet the standard of proof of damage, as follows:

    a. Wells Fargo has not liquidated its direct borrower-lender indebtedness by collecting on the existing collateral supporting the claimed debt; and

    b. Wells Fargo has not obtained a judgment nor sought to collect its direct debt from its borrowers.

Without liquidation of its loan such that it may establish that it cannot collect from collateral or its borrowers, any claim of Wells Fargo that it has suffered a damage merely speculates on whether or not it would be repaid (if it asked) by the borrowers, and to further speculate on whether or not the other collateral forming the basis of its loans would satisfy its debt. Speculating on the possible loss in the future is impermissible evidence of damages.

    c. Finally, Wells Fargo apparently seeks the same damages from Alazan as the Swanbergs seek, subjecting Alazan to the potential for multiple recoveries, or conflicting jury findings.

Accordingly, Wells Fargo does not know, and cannot prove as a matter of law, that it will ultimately suffer a loss on its loan inasmuch as its five guarantor are still liable and have not discharged the debt and it has not exhausted the collateral for the loan.

7. Alazan further seeks in this cause, before commencement of the *voir dire* examination of the jury panel, respectfully moves that counsel for the Plaintiffs and, through such counsel, any and all Plaintiffs witnesses, be instructed by appropriate order to refrain from

making any mention or interrogation, directly or indirectly, in any manner whatsoever, concerning any of the matters herein set forth, without first approaching the bench and obtaining a ruling from the court outside of the presence and outside the hearing of all prospective jurors and jurors ultimately selected in this cause in regard to any alleged theory of admissibility of such matters:

    a.    That any part or portion of this suit is covered by insurance;

    b.    That any party has received, has been entitled to receive, will receive, or will become entitled to receive benefits of any kind or character from a collateral source, including, but not limited to such collateral source benefits afforded by insurance or otherwise.

    c.    any documents or exhibits not first shown to counsel;

    d.    any mention of this Motion in Limine;

    e.    mention of mental anguish, or any claim to mental anguish damages;

    f.    calling of any witness as to whom a description of fact to which he or she will testify not previously set out in the designation of witnesses as ordered by this Court.

    g.    mentioning of any consequential damages or any claim to consequential damages not specifically set out in the disclosures required to be furnished by Plaintiffs', or either of them, to Alazan;

    h.    using or displaying any exhibit not admitted into evidence;

    i.    using or displaying any demonstrative not first shown to counsel.

Respectfully submitted,

_____
Shelby A. Jordan
State Bar No. 11016700
Adm. No. 2195
Harlin C. Womble, Jr.
State Bar No. 21880300
Adm. No. 8959
***Jordan, Hyden, Womble & Culbreth***
500 North Shoreline Blvd., Suite 900
Corpus Christi, Texas 78471
Telephone: (361) 884-5678
Telecopier: (361) 888-5555

**ATTORNEY FOR DEFENDANT,
ALAZAN GIN CO.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on the following parties by facsimile and by First Class United States Mail, postage prepaid, on this the 28th day of May, 2004.

Rex N. Leach
ATLAS & HALL, L.L.P.
P.O. Box 3725
McAllen, Texas 78502-3725
**Via Fax: (956) 686-6109**

Marshall R. Ray
RANSOME AND RAY, P.C.
550 E. Levee Street
Brownsville, Texas 78520-5243
**Via Fax: (956) 542-3698**

_____
Shelby A. Jordan