United States District Court
Southern District of Texas
FILED

JUN 0 1 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK TEXAS, N.A. Plaintiff, | § § § | |
| vs. | § § | |
| SWANBERG FARMS, A Partnership, DERRICK R. SWANBERG, HOLLIS C. SWANBERG, SHERI MARIE SWANBERG, ALAZAN GIN CO., JOHNSTON COTTON CO., INC. T.J. BEALL COMPANY, HOHENBERG BROS. COMPANY AND LISA J. NICHOLS, AS TRUSTEE FOR THE BANKRUPTCY ESTATE OF GEO. D. BENNETT & CO., INC. | § § § § § § § § § § § § | C.A.B.-04-083 |

## PLAINTIFF, WELLS FARGO TEXAS N.A.'S MOTION IN LIMINE

TO THE HONORABLE JUDGE HANEN:

COMES NOW, WELLS FARGO BANK TEXAS, N.A., Plaintiff, before the commencement of the voir dire examination of the Jury Panel, and respectfully moves that counsel for the Defendants, and through their counsel, any and all witnesses called on behalf of opposing parties, be instructed by appropriate order of this Court to refrain from making any mention of interrogation, directly or indirectly, in any manner whatsoever concerning any of the matters hereinafter set forth, without first approaching the Bench and obtaining a ruling from the Court outside the presence and outside the hearing of all prospective Jurors, and Jurors ultimately selected in this cause, in regard to any alleged theory of admissibility of such matters, and in support of this Motion shows the following:

1

1.  The matters described in the paragraphs 3 through 21 below are not admissible in evidence for any purpose and have no bearing on the issues or the rights of the parties in this case. Even if it can be shown that a matter described may be relevant to a fact of consequence in this case, any probative value is far outweighed by the unfair prejudice, confusion, and delay that would result from allowing its admission into evidence.

2.  Permitting interrogation of witnesses, comments, to jurors or prospective jurors, or offers of evidence concerning any of these matters would unfairly prejudice the jury. Sustaining objections to such questions, statements, or evidence will not prevent prejudice but will reinforce the development of questionable and inadmissible evidence.

3.  The Defendants refrain from using contents of any of Plaintiff's superseded or abandoned pleadings.

4.  The Defendants refrain from using contents of any of the Defendants' superseded or abandoned pleadings.

5.  The Defendants should refrain from using any business records accompanied by affidavits which they did not provide written notice of intention to use or make available for inspection by adverse party as provided in Rule 902 (11) of the Federal Rules of Evidence.

6.  That Defendants not be allowed to call any witness that was not disclosed as required by Federal Rules of Civil Procedure 26.

7.  That no lay witness be allowed to give opinion testimony if not rationally based on

the perception of the witness or not helpful to determine a fact in issue as provided in Rule 701.

8. That Defendants not be allowed to use any expert witnesses which have not been listed in response to initial disclosures as required by Federal Rules of Civil Procedure 26.

9. Specifically, that Defendant Alazan not be allowed to call Jerry Stapleton as an expert on attorney's fees. Plaintiff objects to Mr. Stapleton being called as a witness because Defendant Alazan failed to disclose this expert witness as required by the Federal and State Rules of Civil Procedure. See Fed. R. Civ. Proc. 26 (a) and Patterson v. State Auto. Mut. Ins. Co., 105 F.3d 1251, 1252 (8th Cir. 1997) (holding that a party cannot use any witness or evidence not disclosed, unless the failure is harmless.) See also Campos v. State Farm Gen. Ins. Co., 943 S.W.2d 52, 54-55 (Tex.App.– San Antonio 1997, writ denied) (holding that a lawyer that was not listed could not testify about attorney fees.) Thus, Mr. Stapleton should not be allowed to testify regarding attorneys fees.

10. That no expert be allowed to testify unless the testimony is based upon sufficient facts or data, the testimony is the product of reliable principles and methods, and the witness has applied the principles and methods reliably to the facts of the case.

11. That no expert be allowed to give an opinion on the ultimate issues of the case.

12. That no report of Defendants' experts be allowed to be introduced as evidence unless the author of the report and the report to be admitted were disclosed as provided by Federal Rule of Civil Procedure 26(a)2.

13. Should the Defendants wish to introduce any photographs, diagrams, graphs, charts, recordings or motion picture films into evidence, that the same be tendered to the Court and opposing counsel, outside the presence of the jury, and shown or exhibited to determine its relevance and suitability for introduction into evidence prior to and before and before informing the jury as to its existence or its tender into evidence by the Defendants.

14. That the Defendants not be allowed to offer into evidence any document which was not produced as provided by Federal Rule of Civil Procedure 26(1)B.

15. Each witness shall be examined and/or cross examined by only one attorney from the respective parties. Any objections lodged will be by the attorney who is or will be examining and/or cross examining said witness.

16. That the Defendants not be allowed to offer into evidence of damage claim that was not previously disclosed as required by Federal Rule of Civil Procedure 26(1)C.

17. That the Defendants not be allowed to offer into evidence any defense claim that was not previously disclosed.

18. That only Defendants' lead counsel should address the Court and all other co-counsel should refrain from making objections, interrogating witnesses, or otherwise addressing the Court.

19. That Defendants not be allowed to offer deposition testimony against Plaintiff where Plaintiff was not present or represented. See Fed. R. Civ. Proc. 32(a) (stating that deposition testimony can be offered at trial against any party who was present or represented at the taking of the deposition or had reasonable notice.)

20. Plaintiff was not present or represented at certain depositions listed by Defendant Alazan. In particular, Plaintiff objects to the use of the following deposition testimony:

   a.) Deposition of Charles Crowley (3/11/99) Cause No. 98-338
   b.) Deposition of Hollis Swanberg (3/11/99) Cause No. 98-338
   c.) Deposition of Peggy Boone (5/10/99) Cause No. 98-12-4798-D
   d.) Deposition of Gary Lemoine (4/1/99) Cause No. 98-338
   e.) Deposition of Francisca Rodriguez (3/17/00) Cause No. 99-400
   f.) Deposition of Hollis Swanberg (3/17/00) Cause No. 99-400
   g.) Deposition of Derrick Swanberg (4/5/01) Cause No. 2000-05-1889
   h.) Deposition of Hollis Swanberg (4/5/01) Cause No. 2000-05-1889

21. That Defendants should not introduce into evidence any statements made during depositions without first obtaining a ruling from the Court regarding any objections or privileges.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Defendant prays that this Motion be granted by Order, a form for which is attached.

Respectfully Submitted,

**RANSOME & RAY, P.C.**
550 E. Levee St.
Brownsville, Texas 78520
Telephone: (956) 542-3642
Fax: (956) 542-3698

By: _____
Marshall R. Ray
State Bar No. 16606100
Federal Bar No. 1441
Elizabeth Guerrero Christ
State Bar No. 24032376
Federal Bar No. 31185
**ATTORNEYS FOR PLAINTIFF**

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| WELLS FARGO BANK TEXAS, N.A. §<br>Plaintiff, §<br>§<br>vs. §<br>§<br>SWANBERG FARMS, A Partnership, §<br>DERRICK R. SWANBERG, §<br>HOLLIS C. SWANBERG, §<br>SHERI MARIE SWANBERG, §<br>ALAZAN GIN CO., §<br>JOHNSTON COTTON CO., INC. §<br>T.J. BEALL COMPANY, §<br>HOHENBERG BROS. COMPANY AND §<br>LISA J. NICHOLS, AS TRUSTEE FOR §<br>THE BANKRUPTCY ESTATE OF §<br>GEO. D. BENNETT & CO., INC. § | C.A.B.-04-083 |

## ORDER ON PLAINTIFF'S MOTION IN LIMINE

On June ____, 2004, in the captioned cause, the Court considered the Motion in Limine of Wells Fargo Bank Texas, N.A., Plaintiff. All parties appeared by counsel. The Court heard the arguments and evidence presented and makes the orders, as indicated below, on the several items made subject of the Motion.

IT IS THEREFORE ORDERED that the relief requested as to the matter described in each paragraph of the Motion as listed below is granted or denied, as follows:

1.  The Defendants refrain from using contents of any of Plaintiff's superseded or abandoned pleadings.

 _____ Granted

 _____ Denied

6

2. The Defendants refrain from using contents of any of the Defendants' superseded or abandoned pleadings.

_____ Granted

_____ Denied

3. The Defendants should refrain from using any business records accompanied by affidavits which they did not provide written notice of intention to use or make available for inspection by adverse party as provided in Rule 902 (11) of the Federal Rules of Evidence.

_____ Granted

_____ Denied

4. That Defendants not be allowed to call any witness that was not disclosed as required by Federal Rules of Civil Procedure 26.

_____ Granted

_____ Denied

5. That no lay witness be allowed to give opinion testimony if not rationally based on the perception of the witness or not helpful to determine a fact in issue as provided in Rule 701.

_____ Granted

_____ Denied

6. That Defendants not be allowed to use any expert witnesses which have not been listed in response to initial disclosures as required by Federal Rules of Civil

7

Procedure 26.

_____ Granted

_____ Denied

7. That Defendant Alazan not be allowed to call Jerry Stapleton as an expert on attorney's fees.

_____ Granted

_____ Denied

8. That no expert be allowed to testify unless the testimony is based upon sufficient facts or data, the testimony is the product of reliable principles and methods, and the witness has applied the principles and methods reliably to the facts of the case.

_____ Granted

_____ Denied

9. That no expert be allowed to give an opinion on the ultimate issues of the case.

_____ Granted

_____ Denied

10. That no report of Defendants' experts be allowed to be introduced as evidence unless the author of the report and the report to be admitted were disclosed as provided by Federal Rule of Civil Procedure 26(a)2.

_____ Granted

_____ Denied

11. Should the Defendants wish to introduce any photographs, diagrams, graphs, charts, recordings or motion picture films into evidence, that the same be tendered to the Court and opposing counsel, outside the presence of the jury, and shown or exhibited to determine its relevance and suitability for introduction into evidence prior to and before and before informing the jury as to its existence or its tender into evidence by the Defendants.

_____ Granted

_____ Denied

12. That the Defendants not be allowed to offer into evidence any document which was not produced as provided by Federal Rule of Civil Procedure 26(1)B.

_____ Granted

_____ Denied

13. Each witness shall be examined and/or cross examined by only one attorney from the respective parties. Any objections lodged will be by the attorney who is or will be examining and/or cross examining said witness.

_____ Granted

_____ Denied

14. That the Defendants not be allowed to offer into evidence of damage claim that was not previously disclosed as required by Federal Rule of Civil Procedure 26(1)C.

_____ Granted

_____ Denied

15. That the Defendants not be allowed to offer into evidence any defense claim that was not previously disclosed.

    _____ Granted

    _____ Denied

16. That only Defendants' lead counsel should address the Court and all other co-counsel should refrain from making objections, interrogating witnesses, or otherwise addressing the Court.

    _____ Granted

    _____ Denied

17. That Defendants not be allowed to offer deposition testimony against Plaintiff where Plaintiff was not present or represented.

    _____ Granted

    _____ Denied

18. That the following depositions not be used:

    a.) Deposition of Charles Crowley (3/11/99) Cause No. 98-338
    b.) Deposition of Hollis Swanberg (3/11/99) Cause No. 98-338
    c.) Deposition of Peggy Boone (5/10/99) Cause No. 98-12-4798-D
    d.) Deposition of Gary Lemoine (4/1/99) Cause No. 98-338
    e.) Deposition of Francisca Rodriguez (3/17/00) Cause No. 99-400
    f.) Deposition of Hollis Swanberg (3/17/00) Cause No. 99-400
    g.) Deposition of Derrick Swanberg (4/5/01) Cause No. 2000-05-1889
    h.) Deposition of Hollis Swanberg (4/5/01) Cause No. 2000-05-1889

    _____ Granted

    _____ Denied

19. That Defendants should not introduce into evidence any statements made during depositions without first obtaining a ruling from the Court regarding any objections or privileges.

_____ Granted

_____ Denied

IT IS FURTHER ORDERED that any matter as to which the Motion is granted, as indicated above, is not to be admitted into evidence before the jury on the trial of this cause without further ruling of this Court. Any person seeking to offer evidence of any such matter, or seeking a trial ruling on the admissibility of any such matter, shall first request and obtain a ruling from the Court outside the presence and hearing of all jurors and prospective jurors.

IT IF FURTHER ORDERED that all parties, all attorneys, and all witnesses called by the attorneys refrain from direct and indirect argument, mention, reference, comment, suggestion, and interrogation (including the offering of documentary evidence) of any witness, juror, or prospective juror regarding any matter as to which the Motion is granted, as indicated above, without first obtaining a ruling from the Court outside the presence and hearing of all jurors and prospective jurors. This order shall be applicable to all stages of the proceedings in this action, including voir dire and closing argument.

IT IS FURTHER ORDERED that each attorney shall inform each witness to be called to testify in this action of the contents and effect of this order and the consequences of its violation, doing so prior to the witnesses's appearance on the stand and outside the

**CERTIFICATE OF SERVICE**

I, Elizabeth Guerrero Christ, hereby certify that on June 1, 2004, a true and correct copy of the foregoing *Plaintiff's Motion in Limine* was sent by regular mail to the following:

| | |
|---|---|
| Rex Leach<br>ATLAS & HALL, L.L.P.<br>P.O. Box 3725<br>McAllen, Texas 78502 | Via Fax: (956) 686-6109 |
| Harlin Womble<br>Jordan, Hyden, Womble & Culbreth<br>500 North Shoreline Blvd., Suite 900<br>Corpus Christi, Texas 78471 | Via Fax: (361) 888-5555 |
| Jerry Stapleton<br>Stapleton, Curtis & Boswell<br>P.O. Box 2644<br>Harlingen, Texas 78502 | Via Fax: (956) 428-9283 |
| Lisa J. Nichols, Trustee<br>10637 Leopard Street<br>Corpus Christi, Texas 78410 | Via Regular Mail |
| John Kurt Stephen<br>Cardenas, Whitis, & Stephen<br>100 S. Bicentennial Blvd.<br>McAllen, Texas 78501 | Via Regular Mail |
| Brendan Hall<br>P.O. Box 2725<br>Harlingen, Texas 78551 | Via Regular Mail |

Elizabeth Guerrero Christ