IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 0 1 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| WELLS FARGO BANK TEXAS, N.A. | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| SWANBERG FARMS, A Partnership, | § | |
| DERRICK R. SWANBERG, | § | |
| HOLLIS C. SWANBERG, | § | |
| SHERI MARIE SWANBERG, | § | C.A.B.-04-083 |
| ALAZAN GIN CO., | § | |
| JOHNSTON COTTON CO., INC. | § | |
| T.J. BEALL COMPANY, | § | |
| HOHENBERG BROS. COMPANY AND | § | |
| LISA J. NICHOLS, AS TRUSTEE FOR | § | |
| THE BANKRUPTCY ESTATE OF | § | |
| GEO. D. BENNETT & CO., INC. | § | |

**PLAINTIFF'S OBJECTIONS TO EXHIBITS OFFERED BY DEFENDANT ALAZAN
AND MOTION TO EXCLUDE EVIDENCE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Wells Fargo Bank Texas, N.A., Plaintiff in the above styled cause and files these Objections to Exhibits Offered by Defendant Alazan and Motion to Exclude Evidence and would respectfully show the following:

**I.
INTRODUCTION**

1. Wells Fargo Bank Texas, N.A. is the Plaintiff in this matter and Alazan Gin Co. is one of the Defendants.

2. On or about May 25, 2004, Plaintiff received a copy of the exhibits that Defendant Alazan intends to use in the trial of this case.

1

## II.
## OBJECTIONS

3. Plaintiff files the following objections to the admissibility and authenticity of Defendant Alazan's exhibits:

### A. RELEVANCE (FRCP 401)

Plaintiff objects to the following proposed Exhibits by Defendant Alazan on the basis that they are not relevant evidence as defined by Federal Rule of Evidence 401 and thus are inadmissible in accordance with the Federal Rule of Evidence 402:

(1) Exhibit 1.01: because this notice was sent to a party not present in this lawsuit. Also, this notice was sent well before the time frame made subject to this litigation.

(2) Exhibit 1.02: same objection as above

(3) Exhibit 1.03: same objection as above

(4) Exhibit 1.04: same objection as above

(5) Exhibit 1.05: same objection as above

(6) Exhibit 1.06: same objection as above

(7) Exhibit 1.07: same objection as above

(8) Exhibit 1.08: same objection as above

(9) Exhibit 1.11: should be excluded because it is irrelevant since the notice was sent to a non-party. Even if proven relevant, the notice should be excluded in accordance with Federal Rule of Evidence 403 because any probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. The exact notice was sent to a party to the lawsuit and will already be presented as evidence.

(10) Exhibit 1.12: same objection as above

(11)   Exhibit 1.13: same objection as above

(12)   Exhibit 1.14: same objection as above

(13)   Exhibit 7: this letter of Y2K compliance is irrelevant as it does not pertain to any issues in question.

(14)   Exhibit 17: because it is not relevant to any issues before the jury.

(15)   Exhibit 26: this letter of Y2K compliance is irrelevant and does not pertain to any issues in this case.

(16)   Exhibit 29: these documents are irrelevant because they represent transactions that are not subject to this litigation. Even if proven relevant, the invoices should be excluded in accordance with Federal Rule of Evidence 403 because any probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

(17)   Exhibit 30: same objection as above

(18)   Exhibit 31: same objection as above

(19)   Exhibit 32: same objection as above

(20)   Exhibit 33: same objection as above

(21)   Exhibit 34.44: same objection as above

(22)   Exhibit 34.45: same objection as above

(23)   Exhibit 35: same objection as above

(24)   Exhibit 36: same objection as above

(25)   Exhibit 37.01: same objection as above

(26)   Exhibit 37.02: same objection as above

(27)   Exhibit 37.03: same objection as above

(28)   Exhibit 37.04: same objection as above

(29)   <u>Exhibit 37.05:</u> same objection as above

(30)   <u>Exhibit 37.06:</u> same objection as above

(31)   <u>Exhibit 38:</u> same objection as above

(32)   <u>Exhibit 39:</u> same objection as above

(33)   <u>Exhibit 40:</u> same objection as above

(34)   <u>Exhibit 45:</u> same objection as above. Moreover, the agreement is between parties that are not subject to this litigation.

(35)   <u>Exhibit 46:</u> same objection as above

(36)   <u>Exhibit 48:</u>  these documents are irrelevant because they represent transactions that are not subject to this litigation. Even if proven relevant, the invoices should be excluded in accordance with Federal Rule of Evidence 403 because any probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

(37)   <u>Exhibit 50:</u> same objection as above

(38)   <u>Exhibit 54:</u> same objection as above

(39)   <u>Exhibit 55:</u> because these documents involve parties that are not subject to this litigation. Further, the documents should be excluded in accordance with Federal Rule of Evidence 403 because any probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

(40)   <u>Exhibit 58:</u>  these documents are irrelevant because they represent transactions that are not subject to this litigation. Even if proven relevant, the invoices should be excluded in accordance with Federal Rule of Evidence 403 because any probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

(41)   <u>Exhibit 63:</u> same objection as above

(42)   <u>Exhibit 75:</u> same objection as above

(43)   <u>Exhibit 80:</u> same objection as above

(44)   <u>Exhibits 82.02-82.14:</u> same objection as above

(45)   <u>Exhibits 84.01-84.47:</u> same objection as above

### B. CUMULATIVE EVIDENCE (FRCP 403)

Plaintiff objects to the following proposed Exhibits by Defendant Alazan in accordance with Federal Rule of Evidence 403 because any probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence:

3B.1)   <u>Exhibit 12:</u> because it is a duplicate of Exhibit 10.

3B.2)   <u>Exhibit 42:</u> because the presentment of this exhibit may confuse the issues.

3B.3)   <u>Exhibit 51:</u> because the presentment of this exhibit is needless.

3B.4)   <u>Exhibit 52:</u> because the presentment of this exhibit is needless, a waste of time, and may confuse the issues.

3B.5)   <u>Exhibit 54:</u> because it is a duplicate of Exhibit 50.

3B.6)   <u>Exhibit 56:</u> because the presentment of this exhibit is needless, a waste of time, and may confuse the issues.

3B.7)   <u>Exhibit 65:</u> same objection as above

3B.8)   <u>Exhibit 66:</u> same objection as above

3B.9)   <u>Exhibit 72:</u> same objection as above

3B.10) <u>Exhibit 73:</u> same objection as above

3B.11) <u>Exhibits 74.01-74.19:</u> same objection as above

3B.12) <u>Exhibit 76:</u> same objection as above

3B.13) <u>Exhibits 86.01-86.09:</u> same objection as above

3B.14) <u>Exhibit 91:</u> same objection as above

3B.15) <u>Exhibit 96:</u> same objection as above

3B.16) <u>Exhibit 97:</u> same objection as above

3B.17) <u>Exhibit 98:</u> same objection as above

3B.18) <u>Exhibit 99:</u> same objection as above

3B.19) <u>Exhibit 100:</u> same objection as above

3B.20) <u>Exhibit 101:</u> same objection as above

3B.21) <u>Exhibit 102:</u> same objection as above

3B.22) <u>Exhibit 103:</u> same objection as above

3B.23) <u>Exhibit 104:</u> same objection as above

3B.24) <u>Exhibit 105:</u> same objection as above

3B.25) <u>Exhibit 111:</u> same objection as above

3B.26) <u>Exhibit 113:</u> same objection as above

3B.27) <u>Exhibit 115:</u> same objection as above

3B.28) <u>Exhibit 122:</u> same objection as above

3B.29) <u>Exhibit 125:</u> same objection as above

3B.30) <u>Exhibit 141:</u> same objection as above

3B.31) <u>Exhibit 144:</u> same objection as above

## C. INCOMPLETE EVIDENCE (FRCP 106)

Plaintiff objects to the following proposed Exhibits by Defendant Alazan on the grounds that it is incomplete and thus inadmissible unless the remainder of it is introduced:

3C.1) Exhibit 13- because it is incomplete.

## D. HEARSAY (FRCP 801)

Plaintiff objects to the following proposed Exhibits by Defendant Alazan on the grounds that it is hearsay as defined by Federal Rule of Evidence 801, and thus is inadmissible under Federal Rule of Evidence 802:

> 3D.1) Exhibit 19: a newspaper article is inadmissible to prove the facts stated therein. See Abruzzi Foods, Inc. v Pasta & Cheese, Inc. (1993, CA1 Mass) 986 F2d 605. Moreover, this article is not relevant evidence as defined by Federal Rule of Evidence 401 and thus inadmissible in accordance to FRE 402.

## E. AUTHENTICATION OF RECORDS

Plaintiff objects to the following proposed Exhibits by Defendant Alazan for the reason that it did not satisfy the condition precedent to its admissibility as required by Federal Rule of Evidence 901:

> 3E.1) Exhibit 27: there is insufficient evidence to support a finding that these receipts are what they are purported to be. In addition, the receipts should be should excluded in accordance with Federal Rule of Evidence 403 because any probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

> 3E.2) Exhibit 28: same objection

> 3E.3) Exhibit 49: there is insufficient evidence to support a finding that these

      receipts are what they are purported to be.

3E.4) <u>Exhibit 87:</u> there is insufficient evidence to support a finding that these documents are what they are purported to be. Moreover, these documents should be excluded in accordance with Federal Rule of Evidence 403 because any probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

3E.5) <u>Exhibit 112:</u> same objection

### F. IMPROPER SUMMARY (FRCP1006)

3F.1) <u>Exhibit 43</u> is not a proper summary and thus is inadmissible under Federal Rule of Evidence 1006 because no documents supporting the summary were ever made available for Plaintiff to inspect.

### G. DEPOSITIONS IN DIFFERENT PROCEEDINGS (FRCP32)

3G.1) Plaintiff objects to deposition testimony including exhibits listed as Defendant Alazan's Exhibits 118-125, 127, and 128 on the grounds that such testimony is inadmissible to use against a party not represented or present at deposition. According to Federal Rule of Civil Procedure 32(a), deposition testimony can be offered at trial against any party who was present or represented at the taking of the deposition or had reasonable notice. Further, the party seeking to use the deposition at trial bears the burden of showing these requirements were met. *See* <u>Allgeier v. U.S.</u>, 909 F.2d 869, 876 (6th Cir. 1990) *and* <u>Jauch v. Corley</u>, 830 F.2d 47, 50 (5th Cir. 1987). Plaintiff was not represented or present at those depositions listed as exhibits. Further, Plaintiff did not receive notification of any of the depositions. Therefore, Defendant Alazan should not be allowed to offer their testimony in trial.

## C. CONCLUSION

4. For these reasons, Plaintiff Wells Fargo Bank Texas, N.A. asks the court to sustain its objections and exclude Defendant Alazan's evidence.

Respectfully Submitted,

**RANSOME & RAY, P.C.**
550 E. Levee St.
Brownsville, Texas 78520
Telephone: (956) 542-3642
Fax: (956) 542-3698

By: _____
Marshall R. Ray
State Bar No. 16606100
Federal Bar No. 1441
Elizabeth Guerrero Christ
State Bar No. 24032376
Federal Bar No. 31185
**ATTORNEYS FOR PLAINTIFF**

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK TEXAS, N.A.<br>Plaintiff, | §<br>§<br>§<br>§ | |
| vs. | §<br>§ | |
| SWANBERG FARMS, A Partnership,<br>DERRICK R. SWANBERG,<br>HOLLIS C. SWANBERG,<br>SHERI MARIE SWANBERG,<br>ALAZAN GIN CO.,<br>JOHNSTON COTTON CO., INC.<br>T.J. BEALL COMPANY,<br>HOHENBERG BROS. COMPANY AND<br>LISA J. NICHOLS, AS TRUSTEE FOR<br>THE BANKRUPTCY ESTATE OF<br>GEO. D. BENNETT & CO., INC. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | C.A.B.-04-083 |

## ORDER ON PLAINTIFF'S EVIDENTIARY OBJECTIONS

CAME ON for consideration Wells Fargo Bank Texas, N.A., Plaintiff's Objections to Defendant Alazan's evidence and in response, the Court makes following rulings:

### RELEVANCE (FRCP 401)

SUSTAINS/OVERRULES objections to Exhibit 1.01

SUSTAINS/OVERRULES objections to Exhibit 1.02

SUSTAINS/OVERRULES objections to Exhibit 1.03

SUSTAINS/OVERRULES objections to Exhibit 1.04

SUSTAINS/OVERRULES objections to Exhibit 1.05

SUSTAINS/OVERRULES objections to Exhibit 1.06

SUSTAINS/OVERRULES objections to Exhibit 1.07

SUSTAINS/OVERRULES objections to Exhibit 1.08

SUSTAINS/OVERRULES objections to Exhibit 1.11

SUSTAINS/OVERRULES objections to Exhibit 1.12

SUSTAINS/OVERRULES objections to Exhibit 1.13

SUSTAINS/OVERRULES objections to Exhibit 1.14

SUSTAINS/OVERRULES objections to Exhibit 7

SUSTAINS/OVERRULES objections to Exhibit 17

SUSTAINS/OVERRULES objections to Exhibit 26

SUSTAINS/OVERRULES objections to Exhibit 29

SUSTAINS/OVERRULES objections to Exhibit 30

SUSTAINS/OVERRULES objections to Exhibit 31

SUSTAINS/OVERRULES objections to Exhibit 32

SUSTAINS/OVERRULES objections to Exhibit 33

SUSTAINS/OVERRULES objections to Exhibit 34.44

SUSTAINS/OVERRULES objections to Exhibit 34.45

SUSTAINS/OVERRULES objections to Exhibit 35

SUSTAINS/OVERRULES objections to Exhibit 36

SUSTAINS/OVERRULES objections to Exhibit 37.01

SUSTAINS/OVERRULES objections to Exhibit 37.02

SUSTAINS/OVERRULES objections to Exhibit 37.03

SUSTAINS/OVERRULES objections to Exhibit 37.04

SUSTAINS/OVERRULES objections to Exhibit 37.05

SUSTAINS/OVERRULES objections to Exhibit 37.06

SUSTAINS/OVERRULES objections to Exhibit 38

SUSTAINS/OVERRULES objections to Exhibit 39

SUSTAINS/OVERRULES objections to Exhibit 40

SUSTAINS/OVERRULES objections to Exhibit 45

SUSTAINS/OVERRULES objections to Exhibit 46

SUSTAINS/OVERRULES objections to Exhibit 48

SUSTAINS/OVERRULES objections to Exhibit 50

SUSTAINS/OVERRULES objections to Exhibit 54

SUSTAINS/OVERRULES objections to Exhibit 55

SUSTAINS/OVERRULES objections to Exhibit 58

SUSTAINS/OVERRULES objections to Exhibit 63

SUSTAINS/OVERRULES objections to Exhibit 75

SUSTAINS/OVERRULES objections to Exhibit 80

SUSTAINS/OVERRULES objections to Exhibits 82.02 - 82.14

SUSTAINS/OVERRULES objections to Exhibit 84.01- 84.47

**RELEVANCE (FRCP 403)**

SUSTAINS/OVERRULES objections to Exhibit 12

SUSTAINS/OVERRULES objections to Exhibit 42

SUSTAINS/OVERRULES objections to Exhibit 51

SUSTAINS/OVERRULES objections to Exhibit 52

SUSTAINS/OVERRULES objections to Exhibit 54

12

SUSTAINS/OVERRULES objections to Exhibit 56

SUSTAINS/OVERRULES objections to Exhibit 65

SUSTAINS/OVERRULES objections to Exhibit 66

SUSTAINS/OVERRULES objections to Exhibit 72

SUSTAINS/OVERRULES objections to Exhibit 73

SUSTAINS/OVERRULES objections to Exhibit 74.01-74.19

SUSTAINS/OVERRULES objections to Exhibit 76

SUSTAINS/OVERRULES objections to Exhibit 86.01-86.09

SUSTAINS/OVERRULES objections to Exhibit 91

SUSTAINS/OVERRULES objections to Exhibit 96

SUSTAINS/OVERRULES objections to Exhibit 97

SUSTAINS/OVERRULES objections to Exhibit 98

SUSTAINS/OVERRULES objections to Exhibit 99

SUSTAINS/OVERRULES objections to Exhibit 100

SUSTAINS/OVERRULES objections to Exhibit 101

SUSTAINS/OVERRULES objections to Exhibit 102

SUSTAINS/OVERRULES objections to Exhibit 103

SUSTAINS/OVERRULES objections to Exhibit 104

SUSTAINS/OVERRULES objections to Exhibit 105

SUSTAINS/OVERRULES objections to Exhibit 111

SUSTAINS/OVERRULES objections to Exhibit 113

SUSTAINS/OVERRULES objections to Exhibit 115

SUSTAINS/OVERRULES objections to Exhibit 111

SUSTAINS/OVERRULES objections to Exhibit 113

SUSTAINS/OVERRULES objections to Exhibit 115

SUSTAINS/OVERRULES objections to Exhibit 122

SUSTAINS/OVERRULES objections to Exhibit 125

SUSTAINS/OVERRULES objections to Exhibit 141

SUSTAINS/OVERRULES objections to Exhibit 144

**INCOMPLETE EVIDENCE (FRCP 106)**

SUSTAINS/OVERRULES objections to Exhibit 13

**HEARSAY (FRCP 801)**

SUSTAINS/OVERRULES objections to Exhibit 19

**AUTHENTICATION OF RECORDS (FRCP 901)**

SUSTAINS/OVERRULES objections to Exhibit 27

SUSTAINS/OVERRULES objections to Exhibit 28

SUSTAINS/OVERRULES objections to Exhibit 49

SUSTAINS/OVERRULES objections to Exhibit 87

SUSTAINS/OVERRULES objections to Exhibit 112

**IMPROPER SUMMARY (FRCP 1006)**

SUSTAINS/OVERRULES objections to Exhibit 43

**DEPOSITION TESTIMONY (FRCP 32)**

SUSTAINS/OVERRULES objections to Exhibit 118

SUSTAINS/OVERRULES objections to Exhibit 119

SUSTAINS/OVERRULES objections to Exhibit 120

SUSTAINS/OVERRULES objections to Exhibit 121

SUSTAINS/OVERRULES objections to Exhibit 122

SUSTAINS/OVERRULES objections to Exhibit 123

SUSTAINS/OVERRULES objections to Exhibit 124

SUSTAINS/OVERRULES objections to Exhibit 125

SUSTAINS/OVERRULES objections to Exhibit 127

SUSTAINS/OVERRULES objections to Exhibit 128

All exhibits to which objections are sustained are excluded from evidence at trial.

SIGNED on June ___, 2004

_____
JUDGE ANDREW S. HANEN

## CERTIFICATE OF SERVICE

I, Elizabeth Guerrero Christ, hereby certify that on June __1__, 2004, a true and correct copy of the foregoing *Plaintiff's Objection to Defendant Alazan's Exhibits* was sent by regular mail to the following:

| | |
|---|---|
| Rex Leach<br>ATLAS & HALL, L.L.P.<br>P.O. Box 3725<br>McAllen, Texas 78502 | Via Fax: (956) 686-6109 |
| Harlin Womble<br>Jordan, Hyden, Womble & Culbreth<br>500 North Shoreline Blvd., Suite 900<br>Corpus Christi, Texas 78471 | Via Fax: (361) 888-5555 |
| Jerry Stapleton<br>Stapleton, Curtis & Boswell<br>P.O. Box 2644<br>Harlingen, Texas 78502 | Via Fax: (956) 428-9283 |
| Lisa J. Nichols, Trustee<br>10637 Leopard Street<br>Corpus Christi, Texas 78410 | Via Regular Mail |
| John Kurt Stephen<br>Cardenas, Whitis, & Stephen<br>100 S. Bicentennial Blvd.<br>McAllen, Texas 78501 | Via Regular Mail |
| Brendan Hall<br>P.O. Box 2725<br>Harlingen, Texas 78551 | Via Regular Mail |

Elizabeth Guerrero Christ