IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 0 2 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| SWANBERG FARMS | § | C.A. B-04-083 |
| | § | |
| VS. | § | (Adversary |
| | § | No. 02-07012) |
| CHUCK CROWLEY, d/b/a | § | |
| GEORGE D. BENNETT & CO., INC. | § | A JURY IS DEMANDED |

## ALAZAN GIN COMPANY'S MOTION TO EQUALIZE AND MEMORANDUM IN SUPPORT

TO THE UNITED STATES DISTRICT JUDGE:

ALAZAN GIN COMPANY, a Defendant in the above referenced proceeding (herein "Alazan"), files this Motion to Equalize pursuant to 28 U.S.C. § 1870, and Memorandum in Support, as follows:

**I.**
**INTRODUCTION**

1.    Alazan is the only Defendant.

2.    Wells Fargo Bank Texas, N.A. ("Wells Fargo") and Swanberg Farms, A Partnership, Derrick R. Swanberg, Hollis C. Swanberg, and Sheri Marie Swanberg ("Swanbergs") are aligned Plaintiffs seeking the same recovery and the same damages.

3.    This case is set for trial on June 14, 2004; Jury selection is set for June 3, 2004.

4.    There are no other parties to this suit.  This motion is filed before the commencement of jury selection.

5.    Although this Court is permitting the two Plaintiffs to conduct separate *voir dire* examinations, the court should equalize the peremptory challenges.

6.     Alazan has been sued by the Swanbergs and by Wells Fargo Bank after the sale they negotiated to Geo. Bennett Co. did not result in payment for their cotton claiming that neither knew of the industry wide practice of delivering the warehouse receipts or electronic warehouse receipts ("WRs" or "EWRs") to conclude a farmer-directed sale before payment was made, notwithstanding the fact that the Swanbergs negotiated directly with the buyer all terms of the sale and had permitted the same practice for 9 of the last 11 years.  The order of the transaction was the same for cotton ginned by Alazan or other gins in South Texas.

Wells Fargo also sued Alazan Gin because, as found by the the Bankruptcy Court, Wells Fargo had not perfected their lien under applicable law and lost its right to repossess the cotton collateral.  After Swanberg's sale to Geo Bennett Co., the third subsequent purchaser, Hohenberg Bros. Co., (also sued by Wells Fargo) was granted summary judgment based on the findings, as a matter of law, that Wells Fargo had acquiesced in the production of the negotiable WRs and failed to perfect their security interest in those negotiable documents of title (WRs and EWRs).  That judgment was severed from this action and is now pending as Civil Action Number 03-CV-235 on appeal in the United States District Court for the Southern District of Texas, McAllen Divsion, and is law of the case regarding non-perfection and acquiescense in issuance of WRs and EWRs.  Thus, Alazan is the only Defendant against two Plaintiffs completely aligned.

## II.
## ARGUMENT

7.     The court allows each party three peremptory challenges.  28 U.S.C. § 1870; Fed.R.Civ.P.47(b).  In a multi-party case, however, the court may consider several defendants or plaintiffs as a single party for the purpose of allocating challenges or may allow additional

peremptory challenges and permit them to be exercised either jointly or separately.  28 U.S.C. § 1870; Goldstein v. Kelleher, 728 F.2d 32, 36-37 (1st Cir. 1984).

8.      There are two aligned Plaintiffs in this suit and one Defendant.  The Court should consider Wells Fargo and Swanbergs as a single party for the pupose of making peremptory challenges.  It is unfair and unbalanced to permit each Plaintiff to have separate challenges to the jury panel.

### III.
### CONCLUSION

9.      Because an impartial jury may not be selected if the Court allows Wells Fargo three peremptory challenges and the Swanbergs three preemptory challenges, the court should equalize the premptory challenges for jury selection in this case and consider Wells Fargo and Swanbergs as a single party.

Respectfully submitted,

Shelby A. Jordan
State Bar No. 11016700
Adm. No. 2195
*Jordan, Hyden, Womble & Culbreth*
500 North Shoreline Blvd., Suite 900
Corpus Christi, Texas 78471
Telephone:  (361) 884-5678
Telecopier:  (361) 888-5555

ATTORNEY FOR DEFENDANT,
ALAZAN  GIN CO.

## CERTIFICATE OF CONFERENCE

On June 2, 2004 I notified the following counsel for Wells Fargo Bank Texas, N.A. and Swanberg Farms, A Partnership, Derrick R. Swanberg, Hollis C. Swanberg, and Sheri Marie Swanberg of the objection to Pretrial Statement filed by Alazan Gin, and they will oppose the relief requested. A hearing will be necessary.

Rex N. Leach
ATLAS & HALL, L.L.P.
P.O. Box 3725
McAllen, Texas 78502-3725


Marshall R. Ray
RANSOME AND RAY, P.C.
550 E. Levee Street
Brownsville, Texas 78520-5243



_____
Shelby Jordan

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on the following parties by facsimile, on this the 2nd day of June, 2004.

Rex N. Leach
ATLAS & HALL, L.L.P.
P.O. Box 3725
McAllen, Texas 78502-3725
**Via Fax: (956) 686-6109**


Marshall R. Ray
RANSOME AND RAY, P.C.
550 E. Levee Street
Brownsville, Texas 78520-5243
**Via Fax: (956) 542-3698**

_____
Shelby Jordan

Alazan's Motion to Equalize            Page 4.